UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUANITA GULLEY | CIVIL ACTION NO. |
| VERSUS | |
| HOSPITAL SERVICE DISTRICT #1 OF TANGIPAHOA PARISH D/B/A NORTH OAKS HOSPITAL | 25-830-SDD-EWD |

**ORDER AND JUDGMENT OF DISMISSAL**

On September 17, 2025, Juanita Gulley ("Plaintiff") filed a Class Action Complaint in this Court against Hospital Service District #1 of Tangipahoa Parish d/b/a North Oaks Hospital ("Defendant"), asserting damages due to an alleged data breach. Plaintiff asserted that this Court has jurisdiction over her claims pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d).[1] Upon *sua sponte* review, however, the Court concludes that it lacks subject matter jurisdiction because the minimal diversity requirement for CAFA jurisdiction has not been established.

**I.    DISCUSSION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations

---

[1] R. Doc. 1, ¶10. Plaintiff "specifically" premises jurisdiction on CAFA; however, to the extent the Complaint references 28 U.S.C. § 1332, jurisdiction has not been established under that provision because complete diversity is not present. While the Complaint also references Health Insurance Portability and Accountability Act ("HIPAA") rules and regulations (*see, e.g.*, R. Doc. 5-1, ¶ 3) Plaintiff has no private cause of action under HIPAA, nor has she attempted to assert such a claim. *Bullard v. Texas Dep't of Aging & Disability Servs.,* 19 F.Supp.3d 699, 706 (E.D. Tex. 2013) ("HIPAA [] does not provide a private cause of action.") (citing *Roberts v. Unitrin Specialty Lines Ins. Co.,* 405 Fed.Appx. 874, 882 (5th Cir. 2010) (citing *Acara v. Banks,* 470 F.3d 569, 572 (5th Cir. 2006))) and *see* the proposed First Amended Class Action Complaint at R. Doc. 5-1, ¶ 9 ("Representative Plaintiff does not bring claims in this action for direct violations of HIPAA, but charges Defendant with various legal violations merely predicated upon the duties set forth in HIPAA."). No other basis for this Court's jurisdiction was pleaded in the Complaint or is otherwise apparent.

omitted). "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte,* at any time." *MCG, Inc. v. Great W. Energy Corp.,* 896 F.2d 170, 173 (5th Cir. 1990). A federal court should presume that a case lies outside its subject matter jurisdiction…." *Nelson v. Dupree,* No. CV 24-709, 2025 WL 2650420, at *2 (M.D. La. Aug. 22, 2025), report and recommendation adopted, No. CV 24-709-, 2025 WL 2648241 (M.D. La. Sept. 15, 2025). The burden to establish jurisdiction is on the party invoking it; here, Plaintiff. *New Orleans & Gulf Coast Ry. Co. v. Barrois,* 533 F.3d 321, 327 (5th Cir. 2008).

CAFA was enacted to encourage federal court jurisdiction over interstate class action lawsuits of national interest. *Williams v. GoAuto Ins. Co.,* No. CV 21-92, 2022 WL 456533, at *2 (M.D. La. Jan. 27, 2022), report and recommendation adopted, No. CV 21-00092, 2022 WL 452474 (M.D. La. Feb. 14, 2022), citing *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). CAFA provided an expansion of federal jurisdiction over interstate class action lawsuits by granting federal courts original jurisdiction to hear interstate class actions where: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties; (3) the amount in controversy exceeds $5 million; and (4) the primary defendants are not states, state officials, or other governmental entities. 28 U.S.C. § 1332(d)(2), 28 U.S.C. § 1332(d)(5), and *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011).

To establish jurisdiction under CAFA, a showing of minimal diversity is required. 28 U.S.C. § 1332(d). Minimal diversity is met when one plaintiff is diverse from one defendant. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 594 n. 12 (2005)

(noting that for minimal diversity under CAFA, "one plaintiff's diversity from one defendant suffices" to establish minimal diversity).

Here, Plaintiff's Complaint alleged that the proposed class contains more than 100 members, and the amount in controversy exceeds $5 million dollars, exclusive of interest and costs.[2] Defendant is alleged to be a Louisiana citizen.[3] The Complaint alleged that "at least one other Class Member is a citizen of a state different from Defendant," but it did not identify the citizenship of Plaintiff, the only named class member, nor did it identify any other class member, or allege that a putative class member is domiciled in a specific state other than Louisiana.[4] The Complaint, therefore, failed to adequately allege minimal diversity.

On September 18, 2025, this Court noted the foregoing deficiency, and ordered Plaintiff to either seek leave to file an amended complaint that adequately alleged minimal diversity, or to voluntary dismiss this case if Plaintiff cannot establish minimal diversity.[5] On September 23, 2025, Plaintiff filed her Motion for Leave to File First Amended Complaint, which is currently pending, and the proposed First Amended Class Action Complaint ("proposed Amended Complaint"). The proposed Amended Complaint clarifies that Plaintiff is also a Louisiana citizen and, therefore, nondiverse from Defendant.[6] To establish minimal diversity, the proposed Amended Complaint merely alleges that "at

---

[2] R. Doc. 1, ¶ 10.

[3] R. Doc. 1, ¶ 12 (alleging "Defendant is headquartered and routinely conducts business in the State where this District is located"), and ¶ 24 (alleging "Defendant is a government entity that operates the North Oaks Health System based in Hammond, LA,"). Defendant is a hospital service district and thus a political subdivision of the state. *See* La. R.S. § 46:1051 (authorizing parish police juries to create hospital service districts) and § 46:1064 (declaring hospital service districts to be political subdivisions of the state).

[4] R. Doc. 1, ¶¶ 10, 14.

[5] R. Doc. 4.

[6] R. Doc. 5 and R. Doc. 5-1, ¶ 14.

least one other Class Member is a citizen of a state different from Defendant."[7]  To establish CAFA minimal diversity, this Court has required more of a showing.  Plaintiff must *identify* another class member and his/her citizenship or allege that there is a putative class member who is domiciled in a specific state other than Louisiana as supported by some evidence.  *See Jolla v. Acadia Health, LLC d/b/a Just Kids Dental*, No. 23-1370 (M.D. La.) at R. Docs. 7, 9, 10 (amended complaint relied on notices to State Attorneys General to establish minimal diversity of at least two putative class members); see also Williams, 2022 WL 456533, at *3 (noting that the defendant, a Louisiana citizen, established CAFA minimal diversity by a preponderance of the evidence via an affidavit and supporting documentation showing there was at least one identified member of the putative class who was not a Louisiana citizen at the time the Petition was filed).

As such, and despite two opportunities to do so, Plaintiff has failed to adequately allege minimal diversity between the parties, which is required for the Court to exercise CAFA jurisdiction.  *See, e.g., Rasberry v. Capitol Cnty. Mut. Fire. Ins. Co.*, 609 F.Supp.2d 594, 602-03 (E.D. Tex. 2009) (*sua sponte* finding that the removing defendant did not carry its burden of showing minimal diversity because there were no CAFA class claims alleged against the only diverse defendant).

"If a court does not have subject matter jurisdiction over a case, it must be dismissed."  *Nelson,* 2025 WL 2650420, at *2, citing *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021) (other citation omitted).

Accordingly,

---

[7] R. Doc. 5-1, ¶ 10.

**IT IS ORDERED, ADJUDGED, AND DECREED** that all claims of Plaintiff Juanita Gulley against Defendant Hospital Service District #1 of Tangipahoa Parish d/b/a North Oaks Hospital are **HEREBY DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Clerk of Court is directed to **TERMINATE** this case and all pending motions.

Baton Rouge, Louisiana on the 25th day of November, 2025.

*[signature: Shelly D. Dick]*

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**